[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff City of New Haven for and on behalf of the New Haven Board of
Education has commenced this condemnation action seeking to acquire this property located at 32 Baldwin Street, New Haven, Connecticut. The City has deposited the sum of $50,000 with the Clerk of the Superior Court. The defendant, Rosa M. Wrotten disputes the value claimed by the plaintiff.
The evidence has established the plaintiff acquired the property on March 13, 1989 as investment property. The subject property consists of a 2.75 story frame house with a full basement. The rental income was derived from a first floor four room unit, and a second and third floor duplex six room unit. The house is approximately 90 years old and is located in an area where numerous vacant and distressed properties are located.
The defendant at the trial, presented evidence that the City Assessor determined the fair market value as of October 1, 2001 was $79,800. The owner, Rosa Wrotten, testified that based on the rental income she derived from the property that in her opinion $150,000 should be the fair market value.
The defendant presented Phillip Ball, a real estate appraiser and an attorney who relied upon the market value or direct sales comparison approach. The comparable sales used by him occurred in the Hill area at the approximate time of the taking on January 18, 2002. He concluded that based upon his analysis of the four sales relied upon by him that the subject property had a value by comparison of $32.50 per square foot, including the land. Therefore his opinion was that the subject property consisting of 2,513 square feet at $32.50 per square foot had a fair market value of $82,000. CT Page 12294
The plaintiff City presented Charles M. Wisnioski as their appraiser, and he also relied upon the comparable sales approach. He concluded that as of May 13, 2001 the market value of the subject property was $50,000. On January 18, 2002 that value was increased to $53,000. Mr. Wisnioski disagreed with the comparable sales considered by Phillip Ball. He relied upon other comparables located in the general area.
The plaintiff in its brief refers to the credibility of Phillip Ball the appraiser for the defendant. It is the contention of the plaintiff that his license had expired prior to the date he rendered his appraisal, and therefore that has a bearing on the weight to be given to his testimony. His testimony however established he had a real estate licenses for ten years and on May 10, 2002 his license was in effect. His license expired on May 31, 2002, and prior to that date he had paid a license fee of $235 to renew the license. The plaintiff did present evidence that the expiration date was April 30, 2002. The issue raised by the plaintiff regarding his license does not affect the opinions rendered by him based upon his experience as an expert real estate appraiser.Hutchinson v. Town of Andover, 49 Conn. App. 781, 788. Expert testimony is admissible if the witness has a special skill or knowledge that would be helpful to the court in considering the issues regarding value of the property.
"[A] trial court may seek aid in the testimony of experts but must ultimately make its own independent determination of fair compensation . . . on the basis of all the circumstances bering upon value." (Citation omitted, internal quotation marks omitted.) Robinson v. Westport,222 Conn. 402, 412 (1992).
"[T]he trier arrives at his own conclusion as to the value of land by weighing the opinion of the appraisers, the claims of the parties in the light of all the circumstances in evidence bearing on value and his own general knowledge of the elements going to establish value. . . . No single method of valuation is controlling, and the referee is entitled to select the most appropriate one under the facts as he finds them." (Internal quotation marks omitted.) Feigenbaum v. New Britain HousingSite Development Agency, 164 Conn. 254, 261 (1973). "In any assessment case in which the trial court is confronted with conflicting appraisal methods, it is a proper function of the court to give credence to one expert over the other." Newbury Commons Limited Partnership v. Stamford,226 Conn. 92, 99-100 (1993). "The credibility of expert witnesses and the weight to be accorded to their testimony are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." Transportation v. Plaza Associatesv. Powers, supra, 203 Conn. 378. CT Page 12295
"Under our law, a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. . . . Thus there is effective legislative sanction for the authority of the referee independently to determine a value for condemned property which is less than that . . . agreed on between the condemnee and the taking authority." (Internal quotation marks omitted.) Mincucci v.Commissioner of Transportation, 211 Conn. 382, 388 (1989).
The plaintiff also argues that the fair market value of $79,800 as of October 1, 2001 established by an appraisal company for the City of New Haven should not be considered. However this court does have a right to consider all the evidence in light of all the circumstances in evidence bearing upon the value and its own general knowledge of the elements going to establish value. Hartford Savings and Loan Association v.Tucker, 196 Conn. 172, 183.
Two of the comparable sales relied upon by the plaintiffs appraiser cannot be accepted because 12 Daggett Street was not an arms length transaction, and the sales price arose out of a foreclosure sale. The comparable located at 192 Frank Street was not similar in the interior, and it is found to be in a very poor condition and therefore not a valid comparable.
In compliance with Connecticut General Statutes § 8-132 the subject property was viewed by the undersigned. The general area of the various comparables was also viewed, as well as comparables relied upon by each of the parties.
In reviewing the comparable sales relied upon by Phillip Ball this court finds the comparables located at 109 Ward Street, 19 Rosette Street, and 37 Rosette Street are questionable. They each represent purchases for nominal sums a short time prior to their resale. After renovations they then sold for substantially higher sums which are now relied upon as comparables.
The comparable located at 46 Arthur Street does appear to be more representative of the subject property. It sold for $69,000 on December 27, 2001.
The subject property would be subject to an adjustment because it has a CT Page 12296 larger interior square footage area. It also had renovations to the rental units consisting of painting, carpets, tile and bathroom repairs. The subject property would be entitled to a $3000 adjustment.
The value of the property is found to be $72,000. Accordingly, the court increases the value of the property by $22,000 above the amount of the deposit of $50,000, plus interest of 8 percent from the date of notice of taking.
The court also awards the sum of $1,800 for a reasonable appraisal fee plus court costs.
 Howard F. Zoarski Judge Trial Referee
CT Page 12297